```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


GEORGE JOHN CALLIS              ]
     Plaintiff,                  ]
                                 ]
v.                               ]       No. 3:12-1052
                                 ]       Judge Trauger
JAMES MILLER, et al.             ]
     Defendants.                 ]
```

### M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Charles Bass Correctional Complex in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against James Miller, Warden of the facility; Derrick Schofield, Commissioner of the Tennessee Department of Correction; and Jerry Lester, Warden of the Turney Center Industrial Prison; seeking declaratory and injunctive relief.

The plaintiff declares that he is a Christian and complains that he has not been allowed to fully express and observe his religious beliefs.

The plaintiff can not sue the defendants solely because of their status as supervisors or chief executive officers. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 455, 70 L.Ed.2d 509, 521 (1981). Where there is no allegation

of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. See <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there are no allegations from which one could infer that the defendants have been involved, either directly or indirectly, in any effort to infringe upon the plaintiff's right to practice his religious beliefs. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." <u>Gibson v. Matthews</u>, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendants upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge